RECEIVED

JUN 3 0 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| KYLE ROBERTS | CIVIL ACTION NO. 6:14-3430 |
| VERSUS | JUDGE DOHERTY |
| CRST VAN EXPEDITED INC., ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending before the Court is a motion for partial summary judgment [Doc. 14] filed by defendants, Steven Nolan and CRST Van Expedited, Inc. (collectively "defendants"), whereby defendants seek dismissal with prejudice of plaintiff's claims for exemplary damages and intentional spoliation of evidence. For the following reasons, the motion is GRANTED.

**I.    Factual and Procedural Background**

This personal injury suit arises out of an automobile accident between plaintiff Kyle Roberts and defendant Steven Nolan, which occurred at the intersection of Interstate 10 and Rees Street in Breaux Bridge, Louisiana on February 14, 2012. [Doc. 1-3, pp. 1-2] Plaintiff alleges Mr. Nolan, a commercial truck driver, failed to yield while making a left hand turn onto the Interstate 10 on ramp, thereby causing the collision of Mr. Nolan's tractor-trailer and Mr. Roberts' truck. [Id.; Doc. 8, pp. 1-2] No citation was issued to either driver by the police officer who investigated the accident. [Doc. 14-6, pp. 15-16, 18; Doc. 14-7, p. 46]

Plaintiff originally filed this suit in state court against Mr. Nolan and his employer CRST Van Expedited, Inc. ("CRST"). The suit was removed to this Court by defendants on the basis of diversity

jurisdiction. Defendants have now filed the pending motion for summary judgment, seeking dismissal of plaintiff's claims for punitive damages and intentional spoliation of evidence, arguing there is no evidence to support the foregoing claims.

## II. Applicable Standard

"A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought." Fed.R.Civ.P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*Id.* at § (c)(1).

As summarized by the Fifth Circuit:

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

*Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994)(internal citations omitted).[1]

In evaluating evidence to determine whether a factual dispute exists, "[c]redibility determinations are not part of the summary judgment analysis." *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 457 (5th Cir. 2002). Rather, "[i]n reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001).

### III. Analysis

#### A. Exemplary Damages pursuant to La. Civ. Code art. 2315.4

In plaintiff's supplemental and amended complaint, he asserts "NOLAN, on information and belief, was intoxicated under Louisiana law while operating the CRESTED VAN EXPEDITED company truck at the time of the accident," and thus, plaintiff contends he "is entitled to exemplary damages under Louisiana Civil Code article 2315.4."[2] [Doc. 1-5, p. 129]

Louisiana Civil Code article 2315.4 provides as follows:

> In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting

---

[1] A nonmovant's burden to demonstrate by competent summary judgment proof that there is a genuine issue for trial is "not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations, quotation marks omitted).

[2] The term "exemplary damages" as used in the Louisiana Civil Code has the same meaning as the common law term "punitive damages." *See e.g. McDaniel v. DeJean*, 556 So.2d 1336, 1339 (La. App. 3 Cir. 1990); *Taylor v. Lumar*, 612 So.2d 798, 800 (La. App. 1 Cir. 1992).

injuries.

La. Civ. Code 2315.4 (West 2016).

"In Louisiana, there is a general public policy against punitive damages; thus, a fundamental tenet of [Louisiana] law is that punitive or other penalty damages are not allowable unless expressly authorized by statute." *Ross v. Conoco, Inc.*, 828 So.2d 546, 555 (La. 2002). "Furthermore, when a statute does authorize imposition of punitive damages, it is subject to strict construction." *Id.* Recovery of exemplary damages under La. Civ. Code art. 2315.4 requires proof of three elements: (1) the defendant was intoxicated or had a sufficient quantity of intoxicants to make him lose normal control of his mental and physical facilities; (2) the drinking was a cause-in-fact of the accident; and (3) the injuries were caused by wanton and reckless disregard for the rights and safety of others.[3] *Bourgeois v. State Farm Mutual Automobile Insurance Co.*, 562 So.2d 1177 (La. App. 4 Cir. 1990); *Minvielle v. Lewis*, 610 So.2d 942, 946 (La. App. 1 Cir. 1992); *Hill v. Sampson*, 628 So.2d 81, 83 (La. App. 2 Cir. 1993); *Brossett v. Howard*, 998 So.2d 916, 934 (La. App. 3 Cir. 2008). In cases where a positive alcohol test is not available, a driver's intoxication can be established by the totality of circumstances. *Owens v. Anderson*, 631 So.2d 1313, 1317-18 (La. App. 4 Cir. 1994); *Levet v. Calais & Sons, Inc.*, 514 So.2d 153, 159 (La. App. 5 Cir. 1987).

In this matter, there is no evidence (direct or circumstantial) to suggest Mr. Nolan was intoxicated at the time of the accident. Mr. Nolan was not asked by the investigating officer to submit to a field sobriety test, a blood alcohol test, a breathalyzer, or any other similar test. [Doc. 14-

---

[3]"To be considered wanton and reckless, typically, the necessary level of conduct is somewhere between an intent to do wrong and mere negligence." *Blackshear v. Allstate Ins. Co.*, 647 So.2d 589, 594 (La. App. 3 Cir. 1994)(citing *Bourgeois v. State Farm Mut. Auto. Ins.*, 562 So.2d 1177 (La. App. 4 Cir. 1990)).

1, ¶¶ 7-8] Mr. Nolan's employer did not conduct any type of drug or alcohol test on Mr. Nolan following the accident. [Id. at 9] The depositions of the investigating officer and the plaintiff contain no suggestion that Mr. Nolan was intoxicated at the time of the accident. [Doc. Nos. 14-6, 14-7] The deadline for discovery related to this issue has passed. [Doc. Nos. 6, 29] Plaintiff has not identified any witness, lay or expert, who will testify regarding the alleged intoxication of Mr. Nolan. [Doc. Nos. 8, 11] Simply stated, there is nothing in the record indicating intoxication played any part whatsoever in the collision. Accordingly, plaintiff's claim for exemplary damages must be dismissed.

### B.     Intentional Spoliation of Evidence[4]

Plaintiff asserts a claim of intentional spoliation of evidence in his supplemental and amended petition, stating as follows:

> CRESTED VAN EXPEDITED policy requires a mandatory alcohol and controlled substance test when "any vehicle incurs disabling damage and must be towed from the scene." Since testing was required and no agency, including LSP or Breaux Bridge City Police, tested NOLAN, CRESTED VAN EXPEDITED procedures required NOLAN to be tested after being involved in an accident. CRESTED VAN EXPEDITED never tested NOLAN and when asked in discovery were [sic] any test (blood, urine, or otherwise) performed on Defendant NOLAN . . ., CRESTED VAN EXPEDITED response was, "No test required or performed." . . . CRESTED VAN EXPEDITED's knowing violation of its own internal procedures constituted intentional spoliation of evidence. . . . By spoliating petitioner's claim, CRESTED VAN EXPEDITED becomes liable for all petitioner's damages.

[Doc. 1-5, pp. 130-31, ¶ 14.5]

Defendants seek dismissal of this claim, arguing under Louisiana law, there can be no cause of action for spoliation of evidence that never existed. [Doc. 14-2, p. 7] Because no testing was conducted on Mr. Nolan, defendants contend plaintiff's claim of intentional spoliation must be

---

[4]Pursuant to Louisiana law, "no cause of action exists for negligent spoliation of evidence." *Reynolds v. Bordelon*, 172 So.3d 589, 592 (La. 2015); *see also Burge v. St. Tammany Parish*, 336 F.3d 363, 374, n. 5 (5th Cir. 2003).

dismissed. [Id.] In response, plaintiff asserts CRST's internal policies require "a mandatory alcohol and controlled substance test when 'any vehicle incurs disabling damage and must be towed from the scene,'" and CRST's failure to comply with its internal testing obligation gives rise to a claim for intentional spoliation. [Doc. 1-5, p. 130 (quoting Doc. 21-4, p. 107); Doc. 21, p. 3]

CRST's "Post-Accident Testing" provision contained in its "Driver Handbook" manual provides as follows:

> A driver must be tested for alcohol and controlled substances following an accident in which:
>     a.    there is a fatality; or,
>     b.    the driver is cited for a moving violation in connection with an accident in which a person is injured and requires medical treatment immediately away from the accident scene, or any vehicle incurs disabling damage and must be towed from the scene.
>
> Drivers are expected to remain readily available and cooperate with company's efforts to conduct post-accident testing to ensure that alcohol tests are conducted within two hours where possible, but no later than eight hours following an accident. Drug tests must be completed within 32 hours of the accident occurrence.
>
> The driver will not be allowed to drive until CRST receives a negative result on both the alcohol and controlled substance tests.

[Doc. 21-4, p. 107]

Plaintiff interprets the above provision to require drug and alcohol testing anytime a "vehicle incurs disabling damage and must be towed from the scene." [Doc. 21, pp. 3-4] However, the Court finds the proper interpretation of this provision is that testing is required when "the driver is cited for a moving violation in connection with an accident" *and* a "vehicle incurs disabling damage and must be towed from the scene." It would make little sense to require drug and alcohol testing in cases of property damage without an accompanying citation, but then require drug and alcohol testing in cases involving bodily injury but only if accompanied by a citation. Further support for the Court's

interpretation is found in the section of the Code of Federal Regulations upon which the cited provision of the handbook is based: 49 C.F.R. § 382.303 ("Post-accident testing") makes clear drug and alcohol testing is required only if the driver receives a citation *and* a vehicle incurs disabling damage and must be towed from the scene. 49 C.F.R. § 382.303(a); *see also Kuebler v. Gemeni Transp.*, 2013 WL 6410608, *7 (S.D.Oh.).[5]

Plaintiff further contends, "In diversity suits, federal evidentiary rules rather [sic] state spoliation laws are utilized and applied." [Doc. 21, p. 2 (internal quotation marks omitted)] To the extent plaintiff has asserted a cause of action in his supplemental complaint for intentional spoliation, the Court finds state law applies. Jurisdiction in this matter is premised upon diversity of citizenship. In diversity cases, state substantive law applies. *Grenada Steel Industries, Inc. v. Alabama Oxygen Co., Inc.*, 695 F.2d 883, 885 (5th Cir. 1983); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 511 (5th Cir. 2007). However, to the extent plaintiff requests an adverse evidentiary

---

[5] 49 C.F.R. § 382.303 reads in pertinent part as follows:

(a) As soon as practicable following an occurrence involving a commercial motor vehicle operating on a public road in commerce, each employer shall test for alcohol for each of its surviving drivers:

. . . .

(2) Who receives a citation within 8 hours of the occurrence under State or local law for a moving traffic violation arising from the accident, if the accident involved:

. . . .

(ii) One or more motor vehicles incurring disabling damage as a result of the accident, requiring the motor vehicle to be transported away from the scene by a tow truck or other motor vehicle.

*Id.* at § (a).

presumption at trial, the Court agrees federal law applies. Federal courts "apply federal evidentiary rules rather than state spoliation laws in diversity suits." *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005); *see also* Fed. R. Evid. 1101.

"The Louisiana tort of spoliation of evidence provides a cause of action for an intentional destruction of evidence carried out for the purpose of depriving an opposing party of its use." *Burge v. St. Tammany Parish*, 336 F.3d 363, 374 (5th Cir. 2003); *see also Tomlinson v. Landmark American Ins. Co.*, – So.3d –, 2016 WL 1165434 (La. App. 4 Cir.). Plaintiff in this matter has not shown any evidence was intentionally destroyed; indeed, plaintiff affirmatively states in his supplemental complaint that Mr. Nolan was not tested by the investigating officer or his employer. [Doc. 1-5, p. 130] Therefore, plaintiff has failed to carry his burden by pointing to evidence raising a genuine issue of material fact that CRST intentionally destroyed evidence. Accordingly, plaintiff's claim for intentional spoliation of evidence must be dismissed. *See e.g. Kemp v. CTL Distribution, Inc.*, 440 Fed.Appx. 240, 247 (5th Cir. 2011); *Jackson v. Home Depot, Inc.*, 906 So.2d 721, 728 (La. App. 1 Cir. 2005)("[I]f an accident report never existed, it could not be intentionally destroyed by [defendant], and therefore could not serve as the basis for a valid spoliation of evidence claim"); *Clavier v. Our Lady of the Lake Hosp. Inc.*, 112 So.3d 881, 886 (La. App. 1 Cir. 2012).

To the extent plaintiff requests an adverse inference instruction at trial, the Court finds such an instruction is unavailable in this matter. "The Fifth Circuit permits an adverse inference against the destroyer of evidence only upon a showing of 'bad faith' or 'bad conduct.'" *Condrey* at 203; *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015). As plaintiff has shown no evidence of bad faith, the Court finds an adverse presumption instruction is not appropriate. *Condrey* at 203.

## IV. Conclusion

For the reasons set forth above, the motion for partial summary judgment [Doc. 14], filed by defendants, Steven Nolan and CRST Van Expedited, Inc., is GRANTED, and plaintiff's claims for punitive damages and intentional spoliation of evidence are DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this _30_ day of _June_, 2016.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE